CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUN 07 2010

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| DONALD E. NAILL, | ) | CASE NO. 3:09CV00039 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| LINCOLN MORTGAGE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | By:  B. WAUGH CRIGLER[1] |
| | ) | U.S. MAGISTRATE JUDGE |

On February 24, 2010, a jury returned a verdict in favor of the plaintiff and against the defendant under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C §§ 1681, et seq., for $1,000 in compensatory damages and $25,000 in punitive damages. On April 12, 2010, the court overruled the defendant's post verdict motion for a new trial and remittitur and entered judgment upon the jury's verdict.

On April 26, 2010 plaintiff filed a motion seeking an award of costs and attorneys' fees under the FCRA, 16 U.S.C. § 1661n. The motion was accompanied by a brief in support. On May 10, 2010, the defendant filed its opposition to plaintiff's motion, and on May 19, 2010, plaintiff filed his reply. The matter is now ripe for a decision which will be made on the briefs as the court finds that argument will not aid the decision-making process.

The defendant does not dispute that plaintiff should recover his costs in the amount of $1,135. To that extent, plaintiff's motion will be GRANTED. Defendant does dispute that plaintiff is entitled to the claimed lodestar fees in the amount of $71,670[2] incurred by both plaintiff's counsel prior to the filing of the instant motion together with additional fees in the amount of

---

[1] This action is before the court under 28 U.S.C. § 636(c)(2), the parties having consented to the dispositive jurisdiction of a United States Magistrate Judge.

[2] Plaintiff claims $53,422.50 for Mr. Domonoske and $18,247.50 for Ms. Castanada.

$1,412.50 incurred in defending the motion. For the reasons that follow, the defendant's objections will be sustained, in part, and plaintiff's motion for the award of attorneys' fees will be GRANTED, in part, and DENIED, in part.

**CONTENTIONS OF THE PARTIES**

Plaintiff is asking the court to award Mr. Domonoske's fees in the amount of $53,422.50 representing 125.7 hours of service at $425 per hour and to award Ms Castaneda's fees in the amount of $18,247.50, representing 81.10 hours of service at $225 per hour. Plaintiff has submitted the billing records of counsel. The reasonableness of the separate hourly rates are supported by affidavits from four attorneys, three who practice in the geographic area and another who specializes in consumer law and is familiar with the market rates charged in Virginia..

Defendant's opposition is on several fronts. First, defendant contends that the record fails to separate time spent on the prevailing claim (credit score disclosure) from that spent on the claims on which plaintiff did not prevail (impermissible access and use). It believes that the time spent before summary judgment was decided, namely December 2009, should be excluded except those relating to plaintiff's motion to compel and his later motion for sanctions. Though it points to no specific instances in opposing counsel's time records, defendant further complains that some charges after December 2009 are duplicative and involved non-compensable travel time from Harrisonburg to Charlottesville. Finally, defendant challenges the reasonableness of Mr. Domonoske's $425 hourly rate.

Plaintiff replies by contending that the time spent on unsuccessful claims should not be excluded. He points to the parties' stipulation which provides bases in fact for both the impermissible access and impermissible purpose claims in that defendant accessed plaintiff's consumer report a day before any joint application was filed. In addition, plaintiff argues that travel time is a reasonable component of the fees under the circumstances of this case. Mr. Domonoske

points out that there has been no objection to the reasonable necessity of his appearance on motions and other case-related matters, and that, while he was traveling to and from court, he was deprived of the opportunity to do work for other clients.

**DISCUSSION, FINDINGS AND CONCLUSIONS**

In calculating an award of attorney's fees under the FCRA, the court is to perform a lodestar calculation by multiplying the number of reasonable hours spent on the case by a reasonable hourly rate. *Robinson v. Equifax Information Services, LLC*, 560 F.3d 235, 243 (4th Cir. 2009). To determine the reasonableness both of the time spent and the rate claimed, the court is consider twelve factors which are set forth in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978). Then, the court is to subtract fees for hours spent on unsuccessful, unrelated claims before awarding some percentage of the remaining amount based on the degree of success the plaintiff enjoyed. *Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008) (citing *Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir. 2002)).

According to the controlling authorities in this circuit, the burden rests with the fee applicant to establish the reasonableness of the attorney's hourly compensation rate. *Robinson*, 560 F.3d at 244. A determination will be guided by prevailing or market rates in the geographic area, that is, the rates charged to paying clients for similar services under similar circumstances, including what the specific attorney actually charges his or her clients. *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990).

Defendant does not challenge either the time spent or the rate charged by Ms. Castaneda, but it does challenge some of the time spent by Mr. Domonoske as duplicative legal services and objects to the time logged in travel. Unfortunately, it has failed to point to any specific dates of services for Mr. Domonoske which the court finds duplicative.

Fees are not unreasonably duplicative simply because the opposing party says so by some

general assertion of unreasonableness or merely because two attorneys may be working on the case. Were the court to adopt the defendants' analytical paradigm, the fee applicant would be forced to guess and defend in advance the portion of the claim being challenged, even before and objection was filed, and the court would be put in the position of both entertaining the objection and poring over the time records to determine the objection's validity. The court declines to accept this approach and overrules the defendant's objections based on duplication of counsel's efforts.[3]

Turning to the question of a prevailing rate for Mr. Domonoske, the court first observes that the defendant has offered no evidence, by affidavit or otherwise, countervailing the affidavits from other counsel either practicing in or familiar with law practice in the geographic area which were offered in support of the plaintiff's motion. The supporting affidavit evidence reveals that Domonoske is a specialist in consumer law, and that his expertise actually reduces the amount of time others lacking his experience would need to spend on the same tasks. Affidavits of Grant D. Penrod, Esq., Dale W. Pittman, Esq., and Richard J. Ruben, Esq. (hereafter referred to by the last name of the affiant).[4] Pittman further revealed that, between 2005 and 2007 the courts in the Harrisonburg Division of the Western District of Virginia have approved rates in these kinds of cases ranging from $300 to $375 per hour. Pittman Affidavit at 5-6. In addition, Pittman noted that, since 2007, both his and Domonoske's rates have increased to $425 per hour. Penrod, Pittman and Rubin acknowledge their familiarity with prevailing rates in Virginia, but none of the affiants

---

[3]It appears that plaintiff's counsel reasonably divided the labor. Moreover, the defendant's challenge to Mr. Domonoske's claim of approximately 2 hours of round trip travel time between Harrisonburg and Charlottesville is frivolous. The distance each way is over 60 miles and the travel was occasioned by hearings held in division where the case was pending. Surely, defendant is not suggesting that proceedings should have been held in Harrisonburg, thus necessitating travel by its counsel.

[4]Penrod practices in the Harrisonburg Division of the court while Rubin's practice has been more on a national level as an expert in consumer cases, but with experience in the Virginia federal courts.

4

attest to those prevailing rates. They simply offer their opinions about the reasonableness of the rate charge by Mr. Domonoske.

A determination of prevailing rates was a key subject for the Fourth Circuit in both *Robinson* and *Grissom*, 549 F.2d 313 (4th Cir. 2008) where the district courts' calculations of lodestar rates were reversed. In each case, the court confronted and rejected the application of the "Laffey Matrix" which had been accepted by the Court of Appeals for the District of Columbia as a general starting point for determining prevailing market rates.[5] The court further took note of the fees that had been awarded in the past, even to the same counsel, in the instant district, emphasizing that the fee claimant had the burden to establish the prevailing rate. The *Robinson* court determined that the district judge had abused his discretion in when he made his lodestar calculations in the absence of "'satisfactory specific evidence of the prevailing market rates. . . .'" 560 F.3d at 245 (quoting *Plyler,* 902 F.2d at 277)).

Thus, the question is not what other attorneys in the market believe is reasonable, or what other lawyers believe the moving lawyer is worth, or what the lawyers believes they are worth to themselves. Choosing any one or more of these as dispositive simply allows the applicant essentially to "up the ante" every time that applicant's decides to charge higher rates irrespective of the overall prevailing market rates in the geographic area. In short, the market rate inflates with every application for an award of fees. The proverbial foxes then guard the chicken house.

Pittman and Rubin acknowledged that the most recent fee awards in this geographic area have been $375 per hour. To this court, that rate was and remains at the top end of the scale charged by lawyers either in the Charlottesville or Harrisonburg divisions. Domonoske's rate of $425 per hour seems far above the prevailing market rate. Therefore, Mr. Domonoske will be compensated at a rate of $375 per hour.

---

[5] *Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 24-25 (D.C.Cir. 1984)

The final objection relates to whether and to what extent the number of hours claimed should be reduced because plaintiff did not prevail on his permissible purpose and permissible use claims. Defendant asserts that, by Order entered on December 15, 2009, these two claims were dismissed on summary judgment leaving only the credit disclosure claim for trial. Plaintiff counters with the argument that defendant accessed plaintiff's credit scores on September 11, 2006, one day before the date of their joint application of September 12, 2006. Thus, he takes the position that the permissible access defense based on a joint credit application was countervailed by unrebutted testimony of defendant's own agent's and by the stipulation which the jury was permitted to consider in arriving at its verdict.

Since defendant failed to provide any concrete time calculations it believes was attributable to the impermissible purpose and access claims prior to summary judgment, the court has done so out of perceived compulsion by the decisional authority which requires some reduction for the claims lost. The court calculates that Mr. Domonoske spent some 31.6 hours from the start of his work on summary judgment on November 9, 2009 until December 14, 2009 when the matter was argued. Two-thirds of that is 20.86 hours the court will deduct from the time claimed in the case. That leaves 104.84 hours spent by Mr. Domonoske (125.7 minus 20.86 = 104.84) which the court finds reasonable, especially considering the outcome of trial.

Accordingly, an Order will enter awarding judgement against the defendant for counsel fees to Mr. Domonoske in the amount of $39,315 (104.84 X $375) and to Ms. Castaneda in the amount of $18,247.5 (81.1 X $225), or a total of $57,487.50.

The Clerk of the Court hereby is directed to transmit a copy of this Memorandum Opinion to all counsel of record.

ENTERED: /s/ B. Waugh
U.S. Magistrate Judge

6-7-2010